**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4735

RAMON MARTE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-96-119-A)

Submitted: April 17, 1997

Decided: May 1, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Dean Latsios, Fairfax, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Michael E. Rich, Assistant United States
Attorney, Ian Simmons, Special Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Ramon Marte was indicted for possession with intent to distribute heroin. See 21 U.S.C. § 841(a) (1994). Marte moved unsuccessfully to suppress the introduction of the drugs and subsequently pled guilty to the indictment, reserving his right to appeal the suppression ruling. Marte now appeals, contending that the district court erred in admitting the drugs seized in connection with his arrest. We affirm.

I.

On March 19, 1996, Officer Christopher Flanagan and Special Agent Alex Yasevich, both with the Drug Enforcement Administration ("DEA"), were conducting narcotics interdiction at Dulles International Airport. After getting a tip from Miami law enforcement officers, Flanagan and Yasevich observed Marte exit a plane which arrived from Miami, while carrying a black leather carry-on bag.

Flanagan identified himself as a DEA officer and displayed his credentials. Flanagan asked Marte for his airline ticket and some identification and then advised Marte that he was conducting a drug investigation. Marte gave Flanagan his passport and ticket, and both were promptly returned. Flanagan then asked for consent to search Marte's bag, and Marte acquiesced. While Flanagan was searching the bag, Marte walked back towards the plane accompanied by Yasevich. Neither DEA official informed Marte that he was free to leave or to refuse the search.

In the bag's center compartment, Flanagan found a black package wrapped tightly in black plastic, clear tape, and a towel. Based on his training and experience, Flanagan concluded that the package con-

2

tained heroin or cocaine. He cut into the back side of the package with a knife, and a substance, later determined to be heroin, leaked out.

II.

The first issue is whether the encounter between the officers and Marte ceased to be consensual at some point and became a seizure. Consensual encounters do not implicate the Fourth Amendment, but seizures do. See Florida v. Bostick, 501 U.S. 429, 434 (1991). The Supreme Court has consistently held, however, "that a seizure does not occur simply because a police officer approaches an individual and asks a few questions." Id.; see also INS v. Delgado, 466 U.S. 210, 216 (1984) (interrogation relating to one's identity or a request for identification does not, by itself, implicate the Fourth Amendment). It is also clear that the encounter does not become a seizure merely because the officers do not tell the defendant that he is free to leave or that he may refuse to comply with their requests. United States v. Analla, 975 F.2d 119, 124 (4th Cir. 1992).

We find that Marte was not seized when the officers approached him and asked for identification. Neither officer had a gun drawn, and there is no evidence of any use or threat of physical force. Further, Marte's cooperation with the officers did not convert the encounter into a seizure, even though the officers did not tell Marte that he was free to leave or to refuse the request to search. See United States v. Flowers, 912 F.2d 707, 712 (4th Cir. 1990) (seizure cannot occur in the absence of threats, offensive contact, or similar circumstances).

We thus conclude that the district court's finding that a seizure did not occur was not clearly erroneous. See United States v. Gooding, 695 F.2d 78, 82 (4th Cir. 1982) (determination of whether a seizure occurred is generally one of fact). Because Marte was not seized within the meaning of the Fourth Amendment when the DEA officers searched his bag, we now turn to the question of whether Marte voluntarily consented to the search.

III.

Courts look to the totality of the circumstances to determine whether consent to a warrantless search was voluntary. See United

3

States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996). A finding that an accused's consent was voluntary is reviewed for clear error. Id. The district court's finding was not clearly erroneous. Marte was twenty-nine years old, and there is no evidence that he was incapable of understanding the officers or the situation. The officers who approached him were dressed in plain clothes and displayed no weapons. The officers questioned Marte politely and asked for his consent to search his bag. Testimony at the hearing, in short, fully supports the district court's finding that Marte gave his consent voluntarily, free of threats, force, or intimidation.

IV.

Finally, Marte contends that his consent to the search of his bag did not extend to the search of the package within the bag, and therefore, the drugs found in that package were inadmissible. We reject this argument.

It is clear that "[w]hen an official search is properly authorized--whether by consent or by the issuance of a valid warrant--the scope of the search is limited by the terms of its authorization." Walter v. United States, 447 U.S. 649, 656 (1980). The inquiry is whether a reasonable person would have understood the exchange between Flanagan and Marte as indicating that Marte's authorization to search his bag for drugs included permission to search the sealed package placed inside his luggage. See Florida v. Jimeno, 500 U.S. 248, 251 (1991).

We conclude that a reasonable person would understand Marte's authorization for a search of his bag to include permission to search any items found inside the bag. Common sense supports this understanding. Flanagan indicated that he was looking for illegal drugs, and his search target was the bag. Marte gave his permission to search his bag for drugs. Packages such as those found in Marte's bag may be thought by a reasonable person to contain drugs. Thus, the permission to search the bag covered the package found in that bag. Furthermore, the fact that Flanagan cut into the package does not mandate a different result. See United States v. Kim, 27 F.3d 947, 956-57 (3d Cir. 1994).

4

V.

For the foregoing reasons, we affirm the denial of Marte's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED